UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————

SARINSKY'S GARAGE INC.,

           Plaintiff,

vs.

ERIE INSURANCE COMPANY, and
ERIE INSURANCE COMPANY OF
NEW YORK,

           Defendants.

———————————————————

JUDGE ROBINSON

Docket No.: 08 CIV 5247

## NOTICE OF REMOVAL

Defendant Erie Insurance Company ("Erie"), files this Notice pursuant to 28 U.S.C. § 1446 and Local Civil Rule 81.1.

### Introduction

1. Plaintiff, Sarinsky's Garage Inc., commenced this action by filing its summons and complaint in the Orange County Clerk's Office on April 28, 2008. A copy of plaintiff's summons and complaint is attached hereto as Exhibit A.

2. Defendants Erie Insurance Company and Erie Insurance Company of New York served their answer to plaintiff's complaint on or about June 6, 2008. Defendants' answer also was sent to the U.S. District Court Southern District of New York Clerk's Office for filing on June 6, 2008, as well. A copy of defendants' answer is attached hereto as Exhibit B.

3. Erie Insurance Company of New York is a corporation organized under the laws of the State of New York, with its principal place of business located at 120 Corporate Woods, Rochester, New York 14692. However, only one contract of insurance was issued in this case, and co-defendant Erie Insurance Company of New York is not proper party to plaintiff's action as it did not issue the contract of insurance at issue here. Same was issued by co-defendant Erie Insurance Company, a corporation organized under the laws of the State of Pennsylvania, with a principal place of business located at 100 Erie Insurance Place, Erie Pennsylvania 16530. A certified copy of plaintiff's insurance contract is attached hereto as Exhibit C.

4. Erie timely files this Notice of Removal within the thirty day time period required by 28 U.S.C. § 1446(b).

### Nature of Suit

5. Plaintiff, in his complaint, seeks damages for breach of contract and declaratory judgment in connection with an insurance claim it submitted in September 2006. By way of its complaint, plaintiff claims that it has sustained damages in the amount of $118,539.87.

### Basis for Removal

6. Removal is proper based upon diversity:

(A) There is complete diversity between the proper parties to this lawsuit under 28 U.S.C. § 1332. Although Erie Insurance Company of New York is a named

defendant in plaintiff's action, it is an improper party to this case as it did not issue the insurance contract to plaintiff. Same was issued by Erie Insurance Company, a Pennsylvania Corporation. Accordingly, there is diversity between the appropriate parties in this case.

(B)  Upon information and belief, the plaintiff is a citizen of the State of New York with a principal place of business located at 171 New Windsor Highway, New Windsor, County of Orange, State of New York 12553. *See* Exhibit A at ¶ 2

(C)  Defendant, Erie, is a corporation organized under the laws of the State of Pennsylvania with its principal place of business in Erie, Pennsylvania at the address identified above.

(D)  Defendant, Erie Insurance Company of New York is an improperly named defendant (since it did not issue the insurance contract in this case) and it is a corporation organized under the laws of the State of New York with its principal place of business in New York at the address identified above.

(E)  The amount in controversy exceeds $75,000. *See* Exhibit A at ¶ 25.

(F)  A true copy of the summons and complaint is attached hereto and incorporated by reference. *See* Exhibit A. Defendants were served with plaintiff's complaint on or about May 8, 2008 when plaintiff served its summons and complaint on the Special Deputy Superintendent of the State of New York Insurance Department. A copy of the proof of service of service of same is attached hereto as Exhibit D.

(G)  Defendants answer is attached hereto as Exhibit B.

## The Notice of Removal is Procedurally Correct

7. Defendant's Notice of Removal is procedurally correct as there is diversity among the correct parties at issue in this case, and the amount in controversy exceeds $75,000.

8. As required by 28 U.S.C. § 1446(b), Erie has filed this Notice of Removal within thirty days of receiving plaintiff's summons and complaint.

9. Also as required by 28 U.S.C. § 1446(b), Erie has filed this Notice within one year of the commencement of this action.

10. All defendants that are proper parties in this action and that have been properly served in this action join in the removal of this action to federal court.

11. Defendant attaches to this Notice all pleadings, process, orders and all other filings in the State Court action as required by 28 U.S.C. § 1446(a) and this Court's local rules.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because the Southern District of New York includes the place in which the state action has been pending.

- 5 -

13. Erie will properly file a copy of this Notice of Removal with the Clerk of the State Court in which this action is pending.

Dated: Buffalo, New York
       June 6, 2008

           **RUPP, BAASE, PFALZGRAF,
           CUNNINGHAM & COPPOLA, LLC**
           Attorneys for Defendants

           By: _____
                Marco Cercone, Esq., of Counsel
           1600 Liberty Building
           Buffalo, New York 14202
           (716) 854-3400
           S.D. N.Y. Bar #: MC5326