C10930113259

LAW DIVISION    ES45 FoReR

MAY 14 2008

**STATE OF NEW YORK**
**INSURANCE DEPARTMENT**
One Commerce Plaza
Albany, NY 12257

STATE OF NEW YORK
Supreme Court, County of Orange

Sarinsky's Garage Inc.                                          2008-04354

against                    Plaintiff(s)

Erie Insurance Company of New York

Defendant(s)

RE : Erie Insurance Company of New York

Attorney for Plaintiff(s) and Defendant  please take notice as follows:

Sirs :
Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon me of
Summons and Verified Complaint in the above entitled action on May 8, 2008 at Albany,
New York. The $40 fee is also acknowledged.

Original to Attorney for Plaintiff(s) :

Bloom & Bloom, P.C.
Attorneys at Law
530 Blooming Grove Turnpike
P.O. Box 4323
New Windsor, New York 12553

Pursuant to the requirement of section 1212 of the Insurance Law, Defendant is hereby
notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant :

Jan R. Van Gorder, Esquire
Erie Insurance Company of New York
100 Erie Insurance Place
Erie, Pennsylvania 16530

HOME OFFICE
MAY 14 2008

by Clark J. Williams
Special Deputy Superintendent

Dated Albany, New York, May 09, 2008
431609    C.A.#191255

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

SARINSKY'S GARAGE INC.,

Plaintiff,

-against-

ERIE INSURANCE COMPANY, and
ERIE INSURANCE COMPANY OF NEW YORK,

Defendants.

----------------------------------------------------------X

2008 - 04354

Index No. _____

Purchase Date: APR 28 2008

Plaintiffs designates Orange
County, N.Y. as the venue for
Trial.

The basis of venue is that the
primary place of business of the
Plaintiff is located in Orange
County, N.Y.

**SUMMONS**

**TO THE ABOVE-NAMED DEFENDANTS:**

　　　　*YOU ARE HEREBY SUMMONED* to answer the Verified Complaint in this action and to serve a copy of your Answer, or, if the Verified Complaint is not served with this *SUMMONS*, serve a Notice of Appearance, on the Plaintiff's Attorney(s) within *TWENTY (20)* days after the service of this *SUMMONS*, exclusive of the day of service [or within *THIRTY (30)* days after the service is complete if this *SUMMONS* is not personally delivered to you within the State of New York]; and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: April 24, 2008
　　　　New Windsor, N.Y.

Bloom & Bloom, P.C.
530 BLOOMING GROVE TURNPIKE
IN THE PROFESSIONAL CIRCLE
P.O. Box 4323
New Windsor, New York 12553

FILED
ORANGE COUNTY CLERK
2008 APR 28 A 11:15

Very truly yours,

Kevin D. Bloom, Esq.
Bloom and Bloom, P.C.
Attorneys for Plaintiff,
SARINSKY'S GARAGE INC.,
Bloom and Bloom, P.C.
530 Blooming Grove Turnpike
New Windsor, N.Y. 12553
845-561-6920

TO: ERIE INSURANCE COMPANY
120 Corporate Woods
Suite 150
Rochester, N.Y. 14623

TO: ERIE INSURANCE COMPANY OF NEW YORK
120 Corporate Woods
Suite 150
Rochester, N.Y. 14623

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

-------------------------------------------------------

SARINSKY'S GARAGE INC.,

                                                    Plaintiff,

    -against-

ERIE INSURANCE COMPANY, and
ERIE INSURANCE COMPANY OF NEW YORK,

                                                    Defendants.

-------------------------------------------------------X

Index No. 2008-04354
Purchase Date: April 28, 2008

**VERIFIED COMPLAINT**

Plaintiff, SARINSKY'S GARAGE INC., by and through its attorneys, BLOOM &
BLOOM, P.C., as and for its verified complaint, alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### PREMISED UPON BREACH OF CONTRACT:

1.) That, at all times hereinafter mentioned, the Plaintiff, SARINSKY'S GARAGE
    INC., (hereafter sometimes referred to as "SARINSKY'S") is a domestic
    corporation duly organized under and existing pursuant to the laws of the State of
    New York.

2.) SARINSKY'S, principal place of business is 171 Windsor Highway, New
    Windsor, County of Orange, State of New York, 12553.

3.) SARINSKY'S engages in automobile repair and sales.

4.) That, upon information and belief, DEFENDANT, ERIE INSURANCE
    COMPANY, is a foreign corporation duly organized under and existing pursuant
    to the laws of the State of Pennsylvania and is authorized to conduct insurance
    business in the State of New York.

Bloom & Bloom, P.C.
530 Blooming Grove Turnpike
OFF THE PROFESSIONAL CIRCLE
P. O. Box 4323
New Windsor, New York 12553

05/18/2008 22:33 FAX  5852145P 005/010

5.) That, upon information and belief, DEFENDANT, ERIE INSURANCE
COMPANY OF NEW YORK, is a foreign corporation duly organized under and
existing pursuant to the laws of the State of Pennsylvania and is authorized to
conduct insurance business in the State of New York.

6.) That, upon information and belief, DEFENDANT, ERIE INSURANCE
COMPANY OF NEW YORK, is a domestic corporation duly organized under and
existing pursuant to the laws of the State of New York and is authorized to conduct
insurance business in the State of New York.

7.) That, upon information and belief, DEFENDANT ERIE INSURANCE
COMPANY OF NEW YORK is a wholly owned subsidiary of DEFENDANT,
ERIE INSURANCE COMPANY. Hereafter, both DEFENDANTS, shall be
collectively referred to as "ERIE".

8.) SARINSKY'S purchased a Commercial Property Liability Insurance Policy from
ERIE for the period of May 1, 2006, to May 1, 2007 (Proof of purchase for said
period is attached hereto as Exhibit A).

9.) ERIE identified this Commercial Property Liability Policy, as their
"ULTRAFLEX PACKAGE POLICY." [A copy of "ULTRAFLEX PACKAGE
POLICY" (hereafter, referred to as "THE POLICY") is attached hereto, as Exhibit
B.]

10.)    The terms of THE POLICY were changed by an "ENHANCEMENTS
ENDORSEMENT" for "AUTO REPAIR SHOPS" in as much as
SARINSKY'S was/is an automobile repair shop. (See Exhibit C).

11.)    THE POLICY and the ENHANCEMENTS ENDORSEMENT, *inter alia,*
provided indemnification for covered losses for the period of May 1, 2006, to
May 1, 2007.

12.)    SARINSKY'S duly and timely paid the premium for the aforesaid coverages.

13.)    On September 25, 2006, a loss for purposes of THE POLICY occurred at
SARINSKY'S premises.

14.)    Specifically, the aforesaid loss involved the remediation of gasoline that had
leaked from an underground storage tank on SARINSKY'S premises.

15.) The aforesaid remediation commenced on or about September 25, 2006.

16.) SARINSKY'S paid a total of $139,539.87 for the aforesaid remediation.

17.) SARINSKY'S timely notified ERIE of the loss.

18.) In response to SARINSKY'S notification of its loss, ERIE sent a reservation of rights letter to SARINSKY'S, so that ERIE could conduct investigations to determine whether coverage was available to SARINSKY for the loss (A copy of said correspondence, dated October 16, 2006, is attached hereto as Exhibit D).

19.) Specifically, ERIE had to determine whether "the release, discharge of dispersal of pollutants was caused by a peril insured against" in order to provide coverage to SARINSKY'S (See Exhibit D, second page, bottom paragraph).

20.) Subsequent to the October 16, 2006, correspondence (Exhibit "D"), ERIE sent a second correspondence to SARINSKY'S, dated November 29, 2006 (See Exhibit E).

21.) In the November 29, 2006, correspondence (Exhibit "E"), ERIE took the position that it had to conduct further investigations with the aid of an environmental pollutant spill investigator, to determine whether any coverage under the POLICY was available to the insured (See Exhibit E).

22.) Upon completion of ERIE'S investigation, on or about March 12, 2007, ERIE paid to SARINSKY'S the sum of $20,000.00 for his loss (See Exhibit F).

23.) ERIE paid the aforesaid sum to SARINSKY'S pursuant to SECTION VIII, B, (25) of THE POLICY, as modified by the ENHACEMENTS ENDORSEMENT.

24.) The relevant language contained in SECTION VIII, B, (25) of THE POLICY, as modified by the ENHANCEMENTS ENDORSEMENT, which ERIE relied upon to pay $20,000.00 to SARINSKY'S, states:

SECTION VIII, B, (25) of THE POLICY:

"We will cover the cost to extract "pollutants" from land or
water on the insured premises if the release, discharge or
dispersal of "pollutants" is caused by a peril insured against
during the policy period. We will pay up to $10,000.00
for all "losses" throughout the year. The "loss" must be
reported to use within 180 days after the "loss" or the end
of the policy period, whichever is the later date."

The ENHANCEMENT ENDORSEMENT (PARAGRAPH D)
increased the aforementioned $10,000.00 to $20,000.00.

25.)    ERIE'S responsibility to indemnify the insured is not limited to $20,000.00,
and, the terms of THE POLICY and ENHANCEMENT ENDORSEMENT do
provide the insured with indemnification for the balance of SARINSKY'S
loss—that is, $139,539.87 (total remediation costs paid by SARINSKY'S)
minus the $20,000.00 paid by ERIE to SARINSKY'S, minus SARINSKY'S
deductible of $1,000.00, for a total of $118,539.87.

26.)    The ENHANCEMENTS ENDORSEMENT states:

"8)" [We do not cover "loss" or damage resulting from:] Discharge, dispersal,
seepage, migration, release, or escape of "pollutants" unless the discharge,
dispersal, seepage, migration, release or escape is itself caused by a peril
insured against. But, if "loss" or damage by a peril insured against results
from the discharge, dispersal, seepage, migration, release, or escape of
"pollutants", we will pay for the resulting damage caused by the peril insured
against. (See Exhibit C, pg.3, paragraph "8)"

27.)    That the language used in SECTION VIII, B, (25) of THE POLICY, referred
to in Paragraph "24.)" herein, tracks the aforementioned language in the
ENHANCEMENTS ENDORSEMENT, as quoted in Paragraph "26.)" herein.

28.)    That because ERIE paid $20,000.00 to SARINSKY'S after its environmental
inspections were performed, it had to have found that the release, discharge or
dispersal of "pollutants" was caused by a peril insured against under SECTION
VIII, B, (25) of THE POLICY.

29.) That SARINSKY'S should be completely indemnified for its loss, as the language used in its ENHANCEMENTS ENDORSEMENT (quoted in paragraph "26.)" herein) is the same as found in SECTION VIII, B, (25) of THE POLICY, but, without a $20,000.00 ceiling.

30.) That, on March 20, 2008, SARINSKY'S, by and through its attorneys, sent to ERIE, by certified mail, return receipt requested, a letter demanding complete indemnification from ERIE for his loss.

31.) SARINSKY'S or its attorneys, has not received a response to the March 20, 2008, correspondence.

32.) That, SARINSKY'S, has been damaged in the amount of ONE HUNDRED EIGHTEEN THOUSAND FIVE HUNDRED THIRTY NINE and 87/100 ($118,539.87), with legal interest measured from March 12, 2007, by reason of ERIE'S failure to pay its contracted-for insurance. Said sum represents the total remediation costs paid by SARINSKY'S, minus the $20,000.00 paid by ERIE to SARINSKY'S, minus SARINSKY'S deductible of $1,000.00.

## AS AND FOR A SECOND, SEPARATE AND DISTINCT CAUSE OF ACTION PREMISED UPON AN AMBIGIOUS INSURANCE CONTRACT AND DECLARATORY JUDGMENT

33.) Plaintiff repeats and re-alleges paragraphs "1.)" through "32.)" herein.

34.) That, THE POLICY and the ENHANCEMENTS ENDORSEMENT, as written, are, at the very least "ambiguous", as to whether complete indemnification (up to applicable policy limits) is available to the insured under these facts.

35.) That, relevant New York State Law provides that in construing an insurance policy, any ambiguities must be resolved in favor of the insured and against the insurer.

36.) That, this Court should declare the subject policy of insurance is available to the Plaintiff, under these facts, for a complete indemnification for the monetary loss sustained by the Plaintiff.

37.) That, this Court should furthermore declare that ERIE must indemnify SARINSKY in the amount of ONE HUNDRED EIGHTEEN THOUSAND FIVE HUNDRED THIRTY NINE and 87/100 ($118,539.87), with legal interest measured from March 12, 2007, by reason of ERIE'S failure to pay its contracted-for insurance.

**WHEREFORE**, Plaintiff demands Judgment against the Defendants, as follows:

a.) On the First Cause of Action, awarding Plaintiff a money judgment against the Defendants in the amount of ONE HUNDRED EIGHTEEN THOUSAND FIVE HUNDRED THIRTY NINE and 87/100 DOLLARS ($118,539.87), with legal interest measured from March 12, 2007; or, alternatively,

b.) On the Second Cause of Action, declaring that the subject policy of insurance is ambiguous, as to whether complete indemnification (up to applicable policy limits) is available to the Plaintiff under these facts;

c.) On the Second Cause of Action, awarding Plaintiff a money judgment against the Defendants in the amount of ONE HUNDRED EIGHTEEN THOUSAND FIVE HUNDRED THIRTY NINE and 87/100 DOLLARS ($118,539.87), with legal interest measured from March 12, 2007;

d.) For the costs and disbursements of this action;

e.) For such other and further relief as the Court deems just and proper.

Dated: April 24, 2008
New Windsor, New York

Very truly yours,

Kevin D. Bloom, Esq.
Bloom and Bloom, P.C.
(Attorneys for Plaintiff)
530 Blooming Grove Turnpike
Post Office Box 4323
New Windsor, N.Y. 12553
Telephone: 845-561-6920