UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

SARINSKY'S GARAGE INC.,

                Plaintiff,

vs.                                     Docket No.: _____

ERIE INSURANCE COMPANY, and
ERIE INSURANCE COMPANY OF
NEW YORK,

                Defendants.
_____

## ANSWER TO PLAINTIFF'S COMPLAINT[1]

Defendant, Erie Insurance Company (improperly sued as defendants Erie Insurance Company and Erie Insurance Company of New York) by its attorneys, Rupp, Baase, Pfalzgraf, Cunningham & Coppola LLC, as and for its answer to plaintiff's complaint, herein states as follows:

1.     Denies knowledge or information sufficient to form a belief with respect to the allegations set forth in paragraphs 1, 2, 3, 6, 12, 14, 15, 16, 17, 18, 20, 21, 30, and 31 of the complaint and those same allegations as repeated and realleged therein.

---

[1] Although plaintiff's complaint is entitled "Verified Complaint," defendants' counsel has received no verification page relative to same. Accordingly, absent an executed verification page, defendants are treating plaintiff's complaint as a non-verified complaint.

2. Denies the allegations set forth in paragraphs 5, 7, 9, 23, 25, 28, 29, 32, 34, 36, and 37 of the complaint and those same allegations as repeated and realleged therein.

3. Admits the allegations set forth in paragraphs 4 of the complaint and those same allegations as repeated and realleged therein.

4. With respect to the allegations contained in paragraph 8 of the complaint and those same allegations as repeated and realleged therein, states that plaintiff had a contract of insurance with Erie Insurance Company, lets the terms and conditions of that contract speak for themselves, and denies knowledge or information sufficient to form a belief with respect to the remaining allegations.

5. With respect to the allegations contained in paragraphs 10, 11, 13, 19, 24, 26, and 27 of the complaint and those same allegations as repeated and realleged therein, denies the allegations in those paragraphs and lets the terms and conditions of the insurance contract speak for themselves.

6. With respect to the allegations contained in paragraph 22 of the complaint and those same allegations as repeated and realleged therein, admits that Erie Insurance Company issued payment to the plaintiff in the amount of $20,000 and denies knowledge or information sufficient to form a belief with respect to the remaining allegations.

7. With respect to the allegations contained in paragraph 35 of the complaint and those same allegations as repeated and realleged therein, denies the allegations in said paragraph and respectfully refers all questions of law to the Court.

8. Denies each and every allegation of plaintiff's complaint not hereinbefore specifically admitted, denied, or otherwise addressed.

### FIRST AFFIRMATIVE DEFENSE

9. Plaintiff has failed to mitigate its damages with respect to the incident alleged in the complaint.

### SECOND AFFIRMATIVE DEFENSE

10. Plaintiff's complaint fails to state a cause of action.

### THIRD AFFIRMATIVE DEFENSE

11. Plaintiff's recovery, if any, must be reduced by the sums previously paid by defendant for the soil remediation/removal.

## FOURTH AFFIRMATIVE DEFENSE

12. Plaintiff's recovery, if any, is barred as it has been fully compensated up to the applicable policy limit available to plaintiff for its loss as is contained in the insurance contract at issue in this case.

## FIFTH AFFIRMATIVE DEFENSE

13. The damages alleged in the complaint were caused in whole or in part by culpable conduct attributable to the plaintiff and/or its representatives.

## SIXTH AFFIRMATIVE DEFENSE

14. The damages alleged in the complaint were caused or contributed to, by culpable conduct attributable to others over whom defendant neither had, nor exercised any control.

## SEVENTH AFFIRMATIVE DEFENSE

15. Plaintiff and defendant agreed to settle the claim alleged in the complaint, and plaintiff accepted $20,000 in full accord and satisfaction.

## EIGHTH AFFIRMATIVE DEFENSE

16. Defendant gave to plaintiff the sum of $20,000 in full payment of the claim alleged in this complaint.

**WHEREFORE**, defendant Erie Insurance Company demands judgment dismissing the complaint, and adjudging and declaring that it has no obligation to indemnify plaintiff for the loss complained of, together with the costs and disbursements of this action and such other and further relief as the Court deems just and proper.

Dated: Buffalo, New York
      June 6, 2008

                                    **RUPP, BAASE, PFALZGRAF,**
                                    **CUNNINGHAM & COPPOLA, LLC**
                                    Attorneys for Defendants

                                    By: _____
                                    Marco Cercone, Esq., of Counsel
                                    1600 Liberty Building
                                    Buffalo, New York  14202
                                    (716) 854-3400
                                    S.D. N.Y. Bar #:  MC5326

TO: **BLOOM AND BLOOM, P.C.**
      Attorneys for Plaintiff
      (Kevin D. Bloom, Esq., of Counsel)
      530 Blooming Grove Turnpike
      P.O. Box 4323
      New Windsor, New York  12553
      (845) 561-6920